# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ALYCE JOYCE,

    Plaintiff,

v.                                          Case No.:   2:20-cv-101-FtM-60MRM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S "AMENDED MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on Plaintiff Alyce Joyce's "Amended Motion to Remand and Incorporated Memorandum of Law" filed on February 25, 2020.[1] (Doc. 8). Defendant Hartford Insurance Company of the Midwest ("Hartford") filed a "Response in Opposition of Plaintiff's Amended Motion to Remand and Incorporated Memorandum of Law" on March 3, 2020. (Doc. 9). After reviewing the amended motion, response, court file, and record, the Court finds as follows: Joyce's motion is due to be denied.

## Background

This is an insurance dispute arising from damage sustained to Joyce's home during Hurricane Irma. (Doc. 3). At the time of loss, Joyce had an insurance policy

---

[1] Plaintiff amended her motion to remand the same day it was originally filed to add an additional exhibit. (Doc. 8). Both the initial motion and amended motion are nearly identical. (Docs. 7; 8). As a result, the Court will deny Plaintiff's initial motion to remand (Doc. 7) as moot below.

with Hartford. (*Id.* at 1-2). Joyce reported the damage and provided Hartford with a repair estimate totaling $57,897.81. (Docs. 3 at 3; 9-1 at 4). Hartford denied the claim. (Doc. 3 at 3).

On November 12, 2019, Joyce sued Hartford for breach of contract in Florida state court for an unspecified amount of damages. (Docs. 1-1; 3). On December 30, 2019, Joyce sent Hartford a Civil Remedy Notice ("CRN") demanding $91,005.17 in insurance benefits. (Doc. 8-1 at 1-4; 9-1 at 1-3). Hartford again denied the claim. (Doc. 9-1 at 3-5). It sent Joyce a request for production seeking, among other things, a copy of the repair estimate. (Doc. 1-4 at 67-76). Joyce provided a copy of the estimate to Hartford on January 14, 2020, which delineated the costs of repair totaling $91,005.17. (Doc. 1-6 at 10-18).

Hartford removed the case to this Court on February 13, 2020. (Doc. 1). Joyce now moves to remand because Hartford did not remove the case within thirty days of receiving its CRN seeking $91,005.17 on December 30, 2019. (Doc. 8). Hartford counters removal was not available until it received Joyce's discovery response on January 14, 2020, attaching the $91,005.17 repair estimate for the first time.[2] (Doc. 9).

---

[2] Hartford asserts it received the estimate on January 16, 2020, but the record reflects Joyce sent the discovery response on January 14, 2020. (Docs. 1-4 at 67-76; 9). Hartford's mistake does not affect the Court's analysis because removal would be timely under either date.

## Legal Standard

Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Under 28 U.S.C. § 1446, a defendant may remove a case to federal court. The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Removal has procedures. Under 28 U.S.C. § 1446(b)(1), a defendant may remove a case by filing a notice of removal within thirty days of receipt of the initial pleading. If the case is not removable based on the initial pleading, a defendant may remove "within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). When assessing removal based on a later received paper, "the court considers the document . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1214.

## Analysis

As an initial matter, it is important to note that the parties do not dispute that diversity jurisdiction exists. (Docs. 8 at 1; 9 at 2). And the Court agrees. Instead, the parties disagree as to the date Hartford first learned the amount-in-

controversy was satisfied in order to trigger removal. Joyce argues Hartford knew on December 30, 2019, that the amount in controversy exceeded $75,000 because it demanded $95,005.17 in the CRN. (Doc. 8 at 2-3). As such, Joyce urges the Court to remand this action because Hartford's removal – filed on February 13, 2020 – is untimely. (*Id.*). Hartford claims the CRN did not provide sufficient information for it to ascertain the amount-in-controversy and so removal was not available until it received the repair estimate from Joyce on January 14, 2020. (Doc. 9 at 2-6). The Court agrees with Hartford.

Generally, "CRNs are not sufficient evidence of the amount in controversy unless there is also specific information to support the amount demanded in the CRN." *Collins v. GEICO Gen. Ins. Co.*, No. 8:16-cv-280-T-24MAP, 2016 WL 890089, at *2 (M.D. Fla. Mar. 9, 2016) (collecting cases). Here, Joyce's CRN made the following blanket statement: "[t]o remedy this civil remedy notice, Hartford must immediately tender the full amount of insurance benefits owed to the Insureds in the amount of $91,005.17, less the applicable deductible." (Docs. 8-1 at 4; 9-1 at 3). The CRN did not refer to specific property damage, explain financial estimates for the repairs, or provide any information to support the amount demanded. (Docs. 8-1 at 3-4; 9-1 at 2-3). The CRN, without more, did not establish a basis for removal. *See Houston v. Garrison Property & Cas. Ins. Co.*, No. 8:14–cv–01944–EAK–MAP, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014) (concluding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing $56,255.17 in medical bills, could not establish diversity jurisdiction); *Beal*

*v. State Farm Automobile Ins. Co.*, 3:12–cv–703–J–12JBT, 2012 WL 4049516, at *2-3 (M.D. Fla. Sept. 12, 2012) (holding that the plaintiffs' CRNs demanding the policy limit that exceeded $75,000, plus demand letters detailing damages totaling less than $75,000, could not establish diversity jurisdiction).

Joyce responds by pointing to *Mead v. Ids Prop. Cas. Ins. Co.*, No. 8:13-CV-2206-T-24AEP, 2013 WL 12157838, at *4 (M.D. Fla. Nov. 26, 2013). In *Mead*, plaintiffs argued three communications – a pre-suit demand letter, a pre-suit CRN, and a post-suit CRN – established that the amount-in-controversy exceeded $75,000. *Id.* at *4. The court held the post-suit CRN, which contained a detailed medical opinion about the cost of plaintiff's future medical procedures, apprised defendant that plaintiffs were seeking damages in excess of $75,000, particularly when read in the context of the other communications. *Id.* at *5-6.

Here, unlike the detailed CRN in *Mead*, Joyce's CRN has no information showing how her damages amount to almost $100,000. As mentioned above, the CRN provided no accounting about the work necessary to repair her roof and lanai enclosure. (Docs. 8-1 at 3-4; 9-1 at 2-3). While Joyce demanded a specific number to satisfy her claim (down to the penny), the amount was <u>not</u> supported by any concrete information to show by a preponderance of the evidence that the amount-in-controversy was met. *See Collins*, 2016 WL 890089 at *3 (finding a CRN containing conclusory allegations was insufficient to satisfy the amount-in-controversy). What is more, the only pre-suit communication received by Hartford led it to believe that Joyce was seeking less than $60,000 to repair her home. (Doc.

9-1 at 4). Even considering both the pre-suit estimate of $57,897.81 and post-suit CRN together, the information was insufficient to set forth the jurisdictional minimum. For these reasons, the CRN could not trigger the thirty-day removal period.

Considering the above, the remaining issue before the Court is whether the repair estimate sent to Hartford on January 14, 2020 amounts to "other paper" from which Hartford first learned the case was removable. (Doc. 1-6 at 10-18). The answer is yes. Joyce sent the repair estimate to Hartford in response to a request for production. (*Id.*). Discovery documents are considered "other paper" under the removal statute. *See, e.g., Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978) ("It is well-settled that discovery documents may be 'other paper' within the meaning of 28 U.S.C. § 1446(b)[.]") (citations omitted); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) (finding discovery responses qualify as "other paper"). The estimate outlined the various charges and necessary repair items needed to fix Joyce's roof and lanai enclosure, which exceeded $75,000. (*Id.*). This information opened the door for Hartford to properly remove the case to federal court. It got the estimate on January 14, 2020 and removed by February 13, 2020. This removal is timely.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

1. Plaintiff Alyce Joyce's "Amended Motion to Remand and Incorporated Memorandum of Law" (Doc. 8) is **DENIED**.

2. Plaintiff Alyce Joyce's "Motion to Remand and Incorporated Memorandum of Law" (Doc. 7) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 21st day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record